IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-138

No. 175A21

Filed 5 November 2021

IN THE MATTER OF: K.W.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered on 25 February 2021 by Judge Annette W. Turik in District Court, Wayne County. This matter was calendared for argument in the Supreme Court on 30 September 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Delaina Davis Boyd and E.B. Borden Parker for petitioner-appellee Wayne County Department of Social Services.*

*Neil A. Riemann for appellee Guardian ad Litem.*

*Edward Eldred for respondent-appellant mother.*

BERGER, Justice.

¶ 1    Respondent, the mother of minor child K.W. (Kate),[1] attempted to appeal from a February 25, 2021 order terminating her parental rights.[2]  However, the notice of appeal incorrectly identified the North Carolina Court of Appeals as the court to which the appeal was taken.  On our own motion, we grant certiorari.

---

[1] Pseudonyms are used to protect the identity of the juvenile and for ease of reading.
[2] The petition for termination also sought to terminate the parental rights of Kate's father, but he died shortly after the petition was filed.

¶ 2          Respondent's counsel filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the purported issue addressed by counsel in support of the appeal is meritless and therefore affirm the trial court's order.

¶ 3          Kate was born on December 24, 2007. She had multiple health conditions that were not being addressed by her parents, including cystic fibrosis and end-stage liver disease which required a liver transplant. The family also had issues related to their living arrangement at a local motel and housing stability. The Wayne County Department of Social Services (DSS) filed petitions in February and March 2019 alleging that Kate was a neglected juvenile. DSS obtained custody of the juvenile, and the trial court subsequently adjudicated Kate as a neglected juvenile.

¶ 4          The adjudication order included findings that respondent had (1) tested positive for amphetamine and methamphetamine on the day of the hearing; (2) failed to make necessary appointments for Kate; (3) failed to take Kate to all scheduled appointments; and (4) failed to obtain mental health treatment for Kate. The trial court also determined that respondent had acted inconsistently with her constitutionally protected status "by failing to provide proper care and supervision in a safe home, specifically with regard to unstable housing, substance misuse, [and] unment (sic) medical and educational needs for [Kate]."

¶ 5 In subsequent review and permanency-planning orders, the trial court found that respondent had not submitted to drug tests or complied with Court orders, and that she was "thought to be living underneath an abandoned mobile home." Respondent was ordered to have no contact or visitation with Kate.

¶ 6 DSS filed a petition to terminate respondent's parental rights on June 30, 2020. The petition alleged grounds for termination based on neglect and a willful failure to pay a reasonable portion of the cost of care.

¶ 7 A hearing was held on the petition to terminate parental rights on February 4, 2021. The trial court found that grounds existed to terminate respondent's parental rights and that it was in Kate's best interest to terminate parental rights. Specifically, the trial court found:

> 18. That [Kate] was not receiving proper medical care at [the time of the filing of the underlying petition] for her diagnosis of Cystic Fibrosis and Liver Failure among other things.
>
> 19. That [Kate] was placed in foster care where she began to receive the necessary medical care that she needed. She also had mental health issues that were being addressed.
>
> . . . .
>
> 32. That [respondent] has not followed through with her mental health treatment or her substance abuse treatment. . . .
>
> . . . .

42. That [respondent] does not acknowledge that she was unable to properly care for [Kate's] extensive medical needs while they were living in a motel. She admits that they missed some appointments, reportedly due to car trouble. She has not had a vehicle or a valid driver's license.

43. That a Child and Family Evaluation completed by Lauren Rockwell, an expert in abused and neglected children, was admitted into evidence. The family participated in that Child and Family Evaluation. The examiner expressed serious concerns about the juvenile receiving proper care, both medically and mentally, when she was with her parents.

The trial court further determined that "neglect is likely to continue based on [respondent's] lack of progress toward improving her situation."

¶ 8        Respondent's appellate counsel states that he has reviewed the record and discussed the case with the Office of the Parent Defender. Counsel subsequently filed a no-merit brief on respondent's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. Counsel for respondent identified one issue that could arguably support an appeal but also stated that in his opinion that the issue lacks merit. Counsel has advised respondent and provided her with the documents necessary to pursue her appeal. Respondent was appropriately notified of her right to file *pro se* written arguments on her own behalf pursuant to Rule 3.1(e), and she has failed to file a brief or any additional documents with this Court.

¶ 9        This Court conducts an independent review of issues identified by respondent's counsel in a no-merit brief filed under Rule 3.1(e). *In re L.E.M.*, 372 N.C. 396, 402,

831 S.E.2d 341, 345 (2019). We have carefully reviewed the issue identified in the no-merit brief in light of the entire record. We are satisfied that the trial court's order terminating respondent's parental rights was supported by clear, cogent, and convincing evidence and based upon proper legal grounds. Accordingly, we affirm the order terminating respondent's parental rights.

AFFIRMED.